IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

LISA BLACK,                            )
                                       )
          Plaintiff,                   )          NO. 3:06-cv-00990
                                       )
     v.                                )
                                       )
DEPARTMENT OF VETERANS AFFAIRS,        )          JUDGE TRAUGER
                                       )          MAGISTRATE JUDGE BROWN
          Defendant.                   )          JURY DEMAND

**ORDER**

The Court has received another letter from the Plaintiff Ms. Black concerning her case (DE 117). Ms. Black is concerned her case has not been resolved. While the letter is not in the form of a motion to reopen the case, the clerk is directed to designate it as a motion. As such it is DENIED.

Unfortunately, the delay in the case is the result of Ms. Black's action. She is the cause of the delays in this matter. The docket sheet reflects several delays due to discovery disputes between Ms. Black and the Government. The final delay began in March 2009 when the Plaintiff was directed to complete her deposition no later than seventeen (17) days from the Court's Order (DE 79) of March 27, 2009. Her deposition has never been completed as of the date of this Order. The Court's Order of June 1, 2009 (DE 92) points out the difficulties with completing the deposition. The actual transcript of the deposition proceedings is set forth at DE 90. At that time, the Plaintiff's treating psychologist was of the opinion she could not complete the deposition or stand the stress of a trial (DE 88). Her family members also expressed concern over her ability to handle the stress of the trial (DE 87). The case was administratively closed until such time until

the Plaintiff produced satisfactory evidence she was capable of completing the deposition previously ordered and capable of participating in the trial of the case should it go to trial. The Plaintiff was advised of her right to appeal this decision within fourteen (14) days. The Plaintiff did appeal the decision administratively closing the case (DE 94). The appeal was denied (DE 100). In the denial order, Judge Nixon noted the Plaintiff had failed to comply with a Court Order she be deposed and none of the material Plaintiff had submitted in support of her motion indicated the Plaintiff was willing and able to be deposed. The Court also denied the appointment of counsel in the matter. This Order (DE 100) was entered on August 3, 2010.

On January 2, 2019 (DE 113) the Plaintiff filed a Motion to Reopen her case. This motion was denied (DE 114) and Mrs. Black did not ask the District Judge to review this order. Mrs. Black has now sent the court a letter expressing concern that the case is still stayed. To the extent this is a Motion to Reopen, it is again denied.

Ms. Black needs to provide some evidence she is willing and able to complete her deposition. Her letter does not give any indication whatever that she is either willing or able to complete her deposition. She states she is on Social Security disability. However, there is no indication that the Social Security Administration has determined she cannot handle her own affairs. If it did make that determination, she should provide the court that information The court must have some firm information on her willingness and ability to complete her deposition and the trial. Absent some indication, at least from her, that she is willing and able to complete the deposition the stay will remain in place.

Any appeal from this order must be filed within fourteen (14) days of its entry.

SO, ORDERED.

/s/ Joe B. Brown
Joe B. Brown
United States Magistrate Judge